DECISION AND ORDER
WENONA T. SINGEL, Chief Appellate Justice.
PlaintiffAppellant Katherine Shomin appealed the decision of the Tribal Court in Shomin v. Little Traverse Bay Bands of Odawa Indians. The decision of the Tribal Court dismissed the Plaintiff/Appellant’s complaint for lack of subject matter jurisdiction because it concluded that the complaint was untimely and therefore barred by the Tribe’s sovereign immunity. In addition, the PlaintiffAppellant appeals the Tribal Court’s decision dismissing her request to have her tribal citizenship reinstated. The Tribal Court rejected her request because it found that the Tribal Constitution provides that adults who have been removed from the Tribal membership roll shall not be eligible for re-enrollment in the Tribe for a period of five years. The Tribal Court also concluded that the PlaintiffAppellant had no authority to request that her adult children’s citizenship be reinstated.
Analysis
The PlaintiffAppellant’s complaint alleged actions that violate the Tribe’s Fair Employment Statute, codified at Title XIV of the Tribal Code. WOS 2008-011. However, Section 5 of this statute requires that “[a]ny charge of violation [of the statute] must be filed with the Tribal Court within one-hundred eighty (180) days of the alleged violation.” WOS 2008-011, October 5, 2008, Section V. In this case, the PlaintiffAppellant filed the complaint approximately three years after the alleged violation, about two and a half years beyond the one-hundred eighty day limit. The Appellate Court therefore concludes that the Tribal Court was correct to conclude that the complaint was barred for untimeliness.
With respect to the request for the reinstatement of the PlaintiffAppellant’s tribal citizenship, the Appellate Court notes that the record indicates that the PlaintiffAp-pellant voluntarily relinquished her citizenship. The voluntary relinquishment of one’s tribal citizenship is permitted under Article V(D)(2) of the LTBB Constitution. Furthermore, Article V(F) of the LTBB Constitution provides:
Once removed from the Tribal membership roll, an adult individual shall not be eligible for re-enrollment for a period of five (5) years.
Since the PlaintiffAppellant sought reinstatement of her tribal citizenship prior to the expiration of five years, the Tribal Court was correct to dismiss this portion of her complaint. In addition, the Appellate Court also affirms the Tribal Court’s conclusion that the PlaintiffAppellate lacked the authority to request the reinstatement of tribal citizenship for her adult children because it finds that the Plaintiff/Appellant lacked standing to assert the rights of her adult children.
*48 Conclusion
Based on the reasoning above, the Appellate Court AFFIRMS the Tribal Court’s Order Following Motion Hearing dismissing the PlaintiffiAppellant’s complaint in the matter of Shomin v. Little Traverse Bay Bands of Odawa Indians.
SO ORDERED.